IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00446-WYD-CBS

CATTLEMAN'S CHOICE LOOMIX, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

CHRISTIAN N. HEIM, an individual;
ALEX D. HEIM, an individual;
HEIM LOOMIX, LLC, a/k/a HEIM FEEDS, LLC, a South Dakota Limited Liability Company;
IDEAL LOOMIX, LLC, a/k/a IDEAL FEEDS, LLC, a South Dakota Limited Liability Company; and
MIDWEST LIQUID FEEDS, LLC, a South Dakota Limited Liability Company,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER is before the Court on Plaintiff's Motion to Remand, filed March 24, 2011 [ECF No. 11].  Defendants filed a response in opposition on April 18, 2011, and Plaintiff filed a reply on May 5, 2011.  Defendants were granted leave to file a surreply on May 9, 2011.  For the reasons set forth below, I find that Plaintiff's motion should be granted.

This is a breach of contract and common law unfair competition and trademark infringement action brought by Plaintiff against two individual Defendants, Christian and Alex Heim, and three limited liability companies, Heim Loomix, LLC, Ideal Loomix, LLC, and Midwest Liquid Feeds, LLC, all allegedly operated and controlled by the Heims.

According to the Complaint, Plaintiff, Cattleman's Choice Loomix, LLC, is the preeminent company producing and marketing liquid feed and supplements for cattle, and has an extensive network of independent Loomix Dealerships.  The Complaint alleges that Defendants Chris and Alex Heim were Loomix dealers and each entered into several agreements with Plaintiff.  On or about March 5, 2010, Chris and Alex Heim allegedly formed a new entity, Defendant Midwest Liquid Feeds, LLC, to compete against Plaintiff, in violation of their various agreements with Plaintiff.  The Complaint asserts fourteen separate claims for relief including breach of contract, unjust enrichment, negligent misrepresentation, trademark infringement, deceptive trade practices under the Colorado Consumer Protection Act, defamation and conspiracy. The fourteen claims are asserted against all of the Defendants collectively.

Defendants' Notice of Removal, filed February 23, 2011, asserts that removal is proper in this case pursuant to 28 U.S.C. § 1332(a).  Defendants asserts that the parties are citizens of different states and that the amount in controversy requirement is satisfied.  In the motion to remand, Plaintiff does not dispute that complete diversity exists between the parties and that the amount in controversy is satisfied.  Plaintiff contends, however, that this case should be remanded because four of the eight agreements entered into between Plaintiff and Defendants contain forum selection clauses that limit jurisdiction to state district court in Weld County, Colorado.

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states. *Miera v.*

*Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  In addition, forum selection clauses are *prima facie* valid and should be enforced unless they are shown to be unreasonable.  *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992).  A forum selection clause may be classified as either mandatory or permissive.  *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (citations omitted).  A mandatory clause contains clear language demonstrating "that jurisdiction is appropriate only in the designated forum."  *Excell*, 106 F.3d at 321 (citing *Thompson v. Founders Group Intern.*, 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994)).  A permissive forum selection clause authorizes jurisdiction in a designated forum, but does not expressly prohibit litigation elsewhere.  *Id.*

Here, Plaintiff alleges that Defendants Chris and Alex Heim each entered into several agreements with Plaintiff including an Independent Agent Dealer Recruitment Agreement ("Dealer Recruitment Agreement"), a Loomix Control Center Manager License Agreement ("Control Center Agreement"), an Independent Dealer License Agreement, and a Confidentiality Agreement.  The Dealer Recruitment Agreements and the Control Center Agreements each contain a forum selection clause.  The Dealer Recruitment Agreements contain the following clause:

> All actions or proceedings arising directly or indirectly from the Agreement *shall be litigated only* in the State or Federal Courts having situs in or in courts from the County of Weld, State of Colorado, and Independent Agent, as part of the consideration for the execution of this Agreement, hereby consents to the jurisdiction of any local, State or Federal court situated within or for the County of Weld, State of

> Colorado. (Emphasis added).

In addition, the Control Center Agreements contain the following clause:

> The validity of this agreement and of any of its terms or provisions, as well as the rights and duties of the parties hereunder, shall be interpreted and construed pursuant to and in accordance with the laws of the State of Colorado, except for local recording statutes. *The parties hereto submit to the jurisdiction of the County or District Court in Weld County, Colorado for any dispute, default, repossession, replevin, or any other issue related to this agreement*. Licensee-Loomix Control Center Manager specifically waives Licensee-Loomix Control Center Manager right to a jury trial and to bring an action against Licensor in any other jurisdiction for breach of contract. (Emphasis added).

According to Plaintiff, these forum selection clauses are neither unfair nor unreasonable, and should be enforced.

I find that the Dealer Recruitment Agreements each contain a mandatory forum selection clause and that clause is properly construed to mean that jurisdiction over any claims for breach of the Dealer Recruitment Agreements is appropriate only in a state or federal court located in Weld County, Colorado. *See Excell*, 106 F.3d at 321 (upholding district court's finding that a forum selection clause that provides "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," is mandatory and is properly construed to mean that any action for breach of contract shall be brought and litigated in the District Court of El Paso County, Colorado). As there are no federal courts situated in Weld County, this forum selection clause applies only to the state district court of Weld County. *See Intermountain Systems, Inc. v. Edsall Construction Co., Inc*, 575 F.Supp. 1195 (D. Colo. 1983) (forum selection clause

providing that "venue shall be in Adams County, Colorado" could not be construed to allow removal to federal district court in Colorado).

In response to the motion to remand, Defendants note that only four of the eight contracts at issue contain a forum selection clause, and that two of those four (the Control Center Agreements) contain a permissive clause that does not preclude removal. Defendants further note that the Dealer Recruitment Agreements are between Plaintiff and Defendants Alex and Chris Heim, and do not include separate representations binding Defendants Heim Foods or Ideal Feeds. Moreover, Defendant Midwest Feed is never referenced in any of the contracts underlying Plaintiff's claims.

Defendants asserts that in cases where a plaintiff brings claims against multiple defendants based on several contracts containing conflicting or absent forum selection language, the entire case is removable. In support, Defendants rely almost exclusively on *RX Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F.Supp.2d 1204 (S.D. Iowa 2003). In that case, the district court considered whether remand was appropriate where the plaintiff brought two causes of action against a single defendant for alleged breach of two separate contracts, and only one contract contained a mandatory forum selection clause. The district court concluded that because at least part of the action was properly before the court based on diversity jurisdiction, and because a court has no discretion to remand a case over which it has subject matter jurisdiction, it could not enforce the forum selection clause and declined to remand the case. *RX Dixon*, 284 F.Supp.2d at 1212-13.

However, the *RX Dixon* case involved a single defendant, and this case involves

multiple Defendants.  Here, Defendants Chris and Alex Heim are parties to the Dealer Recruitment Agreements, which contain mandatory forum selection clauses, and Defendant Midwest Feed is clearly not a party to these Agreements.  The significance of this, according to Plaintiff, is that the rule of unanimity is violated where one or more defendants waive their right to removal via a mandatory forum selection clause because those defendants are unable to consent to the removal.

"As judicially interpreted, § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served."  *Scheall v. Ingram*, 930 F. Supp 1448, 1449 (D. Colo. 1996) (citation omitted).  In a multi-defendant action, where the acts of one or more defendants constitute a waiver the right to remove, the rule of unanimity prevents the other defendants from removing the action.  *Westwood v. Fronk*, 177 F.Supp.2d 536 (N.D. W.Va. 2001).  A mandatory and enforceable forum selection clause constitutes a contractual waiver of a defendant's right to remove an action to federal court.  *Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999).

While it appears that neither the Tenth Circuit nor any Colorado district courts have addressed the precise issue raised in the instant motion, Plaintiff has cited to several cases from other district courts holding that in multi-defendant cases, where some of the defendants are prevented by a contractual waiver from agreeing to removal, defendants cannot meet the unanimity requirement and the case must be remanded.  *See Medtronic, Inc. v. Endologix, Inc.*, 530 F.Supp.2d 1054, 1056-59 (D. Minn. 2008); *see also Amerisource Funding, Inc. v. SKIBA*, 2009 WL 6472946, at *3

(S.D. Tex., Nov. 17, 2009) (where most of the named defendants could not consent to removal because they had contractually waived their right to remove, none of the defendants, whether parties to the contract or not, can properly remove); *Weener Plastics, Inc. v. HNH Packaging, LLC*, 2009 WL 2591291, at *5 (E.D.N.C., Aug. 19, 2009) (in accordance with the rule of unanimity, if one of several defendants in a case has waived the right to remove via a valid and enforceable forum selection clause, there can be no unanimity and a case which has been removed must be remanded); *Lowndes Bank v. KMC Group, LLC*, 2009 WL 174972, at *2 (M.D. Ala., Jan. 26, 2009) (same).  I find the reasoning in these cases persuasive and adopt it here.

Plaintiff brings claims against Defendants for breach of the Dealer Recruitment Agreements.  As discussed above, I find that the forum selection clauses contained in the Dealer Recruitment Agreements are mandatory and are neither unfair nor unreasonable.  It is undisputed that Defendants Chris and Alex Heim are parties to the Dealer Recruitment Agreements.  Considering the authorities cited above, combined with the strong presumption against removal jurisdiction, and the mandate that district courts are rigorously to enforce Congress' intent to restrict federal diversity jurisdiction, I find that Defendants Chris and Alex Heim have contractually waived their right to consent to removal of this action.  Because not all Defendants are able to consent to the removal, this case must be remanded.  *Scheall*, 930 F. Supp at 1449.

Defendants were permitted to file a surreply in this matter.  In the surreply, Defendants contend that Plaintiff waived its right to challenge removal based on the rule of unanimity, and waived its right to enforce the forum selection clauses in the Dealer

Recruitment Agreements by bringing claims against Defendants Chris and Alex Heim based on contracts that do not contain enforceable forum selection provisions.

First, I reject Defendants assertion that Plaintiff has waived her right to challenge Defendants' removal because her discussion of the applicability of the "rule of unanimity" was not made within 30 days after the filing of the Notice of Removal. *See* 28 U.S.C. § 1446(c) (request for remand based on a procedural defect must be made within 30 days after the filing of the notice of removal). Here, Plaintiff's motion for remand, based on the presence of forum selection clauses in four of the agreements at issue in this case, was filed within 30 days of the filing of the Notice of Removal. I do not view Plaintiff's discussion of the applicability of the rule of unanimity as a wholly new argument, but rather a continuation of the arguments raised in Plaintiff's initial motion to remand.

Second, based on the authorities cited above, I reject Defendants assertion that Plaintiff waived its right to enforce the mandatory forum selection clauses contained in the Dealer Recruitment Agreements by bringing additional claims based on other agreements that do not contain enforceable forum selection clauses.

Finally, I deny Plaintiff's request for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c), based on the complexity of the issues raised in the motion to remand and subsequent briefing.

Accordingly, for the reasons set forth herein, it appears that the Court lacks subject matter jurisdiction over this action and this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

page

ORDERED that Plaintiff's Motion to Remand, filed March 24, 2011 [ECF No. 11] is **GRANTED**. It is

FURTHER ORDERED that the Clerk of Court is directed to **REMAND** this action to the Weld County District Court, State of Colorado, from which the case was removed.

Dated: May 18, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief U. S. District Judge